GUILLERMO GARAU, demandante y apelado, *v.* JUANA ORTIZ, demandada; JOSÉ LEBRÓN, interventor y apelante.

No. 4278.—*Visto:* Marzo 21, 1928. *Resuelto:* Julio 19, 1928.

*José J. Aponte,* abogado del apelante; *A. Porrata Doria,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este es un pleito que fué entablado en la Corte Municipal de Guayama, en el cual se reclama la suma de $186 y las costas. Para asegurar la efectividad de la sentencia, el demandante embargó una casa. José Lebrón reclamó la finca como suya e intervino en el pleito. La corte municipal dictó

sentencia contra el tercerista, habiéndolo hecho anteriormente en rebeldía contra el deudor principal. El tercerista apeló. La Corte de Distrito de Guayama dictó sentencia a favor del demandante y en contra del tercerista.

En su primer señalamiento de error el apelante se queja de que la Corte de Distrito de Guayama no expuso separadamente los hechos y los fundamentos que tuvo para dictar sentencia. La corte de distrito dictó opinión y sentencia conjuntamente, en las que, entre otras cuestiones formales, halló que había conflicto en la prueba, resolviéndolo a favor del demandante, por considerar que las declaraciones de los testigos del tercerista respecto al título de la casa no eran del todo convincentes, y en especial la declaración de la demandada Juana Ortiz. La ley de 12 de junio de 1925, leyes de ese año, página 179, dispone lo siguiente:

"En el juicio definitivo de cualquier caso en una corte de distrito, el juez de la misma, deberá hacer y archivar al mismo tiempo que dicte su sentencia, una opinión escrita, que se unirá a aquélla, en la que expondrá separadamente y de una manera breve, los hechos que considere probados y las razones jurídicas en que funde su decisión. Cuando las resultancias de hecho se basaren en un conflicto de la evidencia, el juez expondrá los motivos que haya tenido para dirimir el conflicto en la forma en que la hiciere; y en caso de apelación, el Tribunal Supremo deberá analizar dicha evidencia y determinar si las resultancias estuvieron justificadas o no."

La opinión escrita se incluyó en la sentencia en un párrafo aparte. Si bien generalmente una corte debe hacer un análisis mayor que el que se hizo en el presente caso, no hallamos que se cometiera error substancial alguno, especialmente cuando no se solicitó que la corte expusiera sus conclusiones.

Puede que haya habido algunas dudas en este caso. La prueba del tercerista tendió a demostrar que mucho de lo que la deudora Juana Ortiz poseía procedía de él. No exactamente de la prueba del tercerista, sino de toda la prueba, se desprendía que éste, aunque casado, vivía en unión de Juana Ortiz en la casa objeto de este pleito de tercería. Por otra

parte, el dueño del solar manifestó que Juana Ortiz le pagaba el alquiler. La casa fué embargada en cierta ocasión como de ella, y posteriormente se anuló el embargo debido a la intervención de Juana Ortiz y de Lebrón. Un agente de seguro prestó declaración tendente a demostrar que la casa estaba asegurada a nombre de Juana Ortiz, aunque quizá Lebrón era el que pagaba la prima. Juana Ortiz o compraba o se le permitía comprarle provisiones al demandante a nombre de ella cuando él estaba presente. La prueba de los obreros tal vez fué dudosa pero fué congruente con el título de Juana Ortiz.

El apelante trata de levantar en este tribunal la teoría, que aparentemente no fué suscitada en la corte inferior, de que él era un hombre casado, y como tal no tenía derecho a hacerle una donación a Juana Ortiz. No se trataba de una donación en este caso. Aunque la prueba demostró que Juana Ortiz ganaba dinero independientemente, es posible que la mayor parte del precio de la compra procedió de Lebrón, pero no hay prueba directa de una donación. Sin embargo, hasta el momento en que la casa fué embargada, él le permitió a Juana Ortiz y la instaba a que apareciera ante el mundo como la dueña de la misma, y bajo esas circunstancias debe estar impedido de negar el título de ella. De todos modos, después de esa conducta, el tercerista debió haber establecido un título claro, cosa que dos cortes han decidido que dejó de hacer.

*Debe confirmarse* la sentencia apelada.